**O**

# United States District Court
# Central District of California

| | |
|---|---|
| IN RE: WILLIAM EDWARD RICE | Case No. 8:20-cv-00765-ODW |
| Debtor. | Bankruptcy Case No. 8:20-bk-10275-CB |
| | |
| WILLIAM EDWARD RICE, | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO STAY CASE PENDING APPEAL [7] [11]** |
| Appellant, | |
| vs. | |
| KRISTOFFER J. KAUFMANN et al. | |
| Appellees. | |

## I.   INTRODUCTION & BACKGROUND

Debtor William Edward Rice, movant and Appellant, is a member of Highland Property Development LLC and shareholder in Highland Property Construction, Inc. (Decl. of William Edward Rice ("Rice Decl.") ¶¶ 5–6, ECF No. 9.)   Appellees Kristoffer J. Kaufman and Gary P. Downs are also part owners and shareholders of these companies.   (Rice Decl. ¶¶ 5–6.)   Disputes arose between Rice and other members of Highland Property Development LLC and shareholders of Highland Property Construction, Inc.  (Rice Decl. ¶¶ 7–8.)  Rice has filed suits in Los Angeles County Superior Court seeking dissolution of Highland Property Development LLC

and damages and restitution for legal malpractice.  (Rice Decl. ¶¶ 12–14.)  On October 30, 2019, the Superior Court issued a charging order against Rice for approximately $1,069,000.  (Rice Decl. ¶ 15.)  Appellees informed Rice that he must discharge the charging order by January 28, 2020, or face a "dissolution event" per the LLC operating agreement.  (Rice Decl. ¶ 16.)

On January 27, 2020, Rice commenced Bankruptcy proceedings to stop the contractual buyout.  (Rice Decl. ¶ 34, Ex. 3 ("Bankr. Dismissal Order") 2.)  On motion by Appellees, the Bankruptcy Court issued a memorandum dismissing the bankruptcy case on April 8, 2020.  (Rice Decl. ¶ 34; *see* Bankr. Dismissal Order.)  The Bankruptcy Court entered the dismissal on April 14, 2020.  (Rice Decl. ¶ 34, Ex. 4.)  Rice believed the order would be final fourteen days after the order was entered.  (Rice Decl. ¶ 33.)  After the Bankruptcy Court issued the memorandum, Rice received letters from Appellees indicating that they seek to purchase Rice's membership interest.  (Rice Decl. ¶¶ 35, 37, Exs. 6, 8.)  Thus, on April 20, 2020, Rice appealed the dismissal order to this Court and then moved the Bankruptcy Court for a stay pending the appeal.  (Rice Decl. ¶ 39, Exs. 5, 10.)  The Bankruptcy Court denied Rice's motion to stay on April 23, 2020.  (Rice Decl. ¶ 41, Ex. 12.)

Now before this Court, Rice moves on an emergency basis to stay the effect of dismissal of the bankruptcy case pending appeal ("Motion") and requests an *ex parte* temporary restraining order ("TRO").  (*See* Mot. for Stay ("Mot."), ECF No. 7; TRO, ECF No. 11.)  For the reasons to follow, the Court **DENIES** Rice's Motion and TRO.

## II.   LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (discussing that plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy'").  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a

preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

Similar factors are considered in evaluating whether a bankruptcy dismissal should be stayed pending appeal. *See Kingsway Capital Partners, LLC v. Sosa*, 549 B.R. 897, 902 (N.D. Cal. 2016). The Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits"; "(2) whether the applicant will be irreparably injured absent a stay"; "(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and "(4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken v. Holder*, 556 U.S. 418, 426 (2009). Though the first two factors of the traditional standard are the most critical, a failure on any one factor requires the court to deny the application for a stay. *In re Swartout*, 554 B.R. 474, 476 (Bankr. E.D. Cal. 2016); *see Nken*, 556 U.S. at 434.

### III.   DISCUSSION

Rice brings the Motion and TRO to stay the effect of the bankruptcy dismissal pending appeal. (*See* Mot.; TRO.) Rice asserts that a dismissal of his bankruptcy

proceedings will permit Appellees to control a contractual buyout of his partnership interest and substantially impair his interest.  (Mot. 21–23.)

As preliminary matter, Appellees assert that the Bankruptcy Dismissal Order was immediately effective on April 14, 2020, because the usual fourteen-day stay of execution provided by Rule 62 is not applicable.  (Opp'n to Mot. 3, ECF No. 12.)

> Rule 62(a) was designed to carve an exception to the general rule that a court's judgment becomes effective and, consequently, enforceable when the order is entered on the docket by prohibiting creditors from enforcing certain judgments for a period of ten days following the effective date of the order. Clearly such an exception is superfluous in the context of an order dismissing a complaint as such a judgment generally eliminates a cause of action rather than rendering one enforceable.

*In re Weston*, 101 B.R. 202, 205 (Bankr. E.D. Cal. 1989), *aff'd*, 123 B.R. 466 (B.A.P. 9th Cir. 1991), *aff'd sub nom. In re Weston*, 967 F.2d 596 (9th Cir. 1992), and *aff'd sub nom. Weston v. Cibula*, 123 B.R. 466 (B.A.P. 9th Cir. 1991), *aff'd sub nom. In re Weston*, 967 F.2d 596 (9th Cir. 1992).  As the Bankruptcy court's dismissal of Rice's case was effective when entered on April 14, 2020, the Court may **DENY** as moot Rice's Motion and TRO.   Nevertheless, the Court addresses the merits of Rice's Motion and TRO.

To find in Rice's favor on either the Motion or TRO, the Court must find that Rice is likely to suffer irreparable harm absent the requested injunction.  Rice fails to demonstrate any such harm.

The risk of irreparable harm must be "likely, not just possible."  *All. for the Wild Rockies*, 632 F.3d at 1131; *see also Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (finding conclusory or speculative allegations insufficient to establish a likelihood of irreparable harm); *Nken*, 556 U.S. at 434.  Rice argues that he, along with his creditors and estate, will suffer irreparable harm if his interest in the LLC is "lost" to extra-judicial contractual buyout during the pendency of the appeal.  (Mot. 21–23.)  Without a stay, Rice will be subject to the buy-out, but there is no telling when or *even if* Appellees would choose to purchase

1   his interest.  (*See* Opp'n to Mot. 2.)  Furthermore, Rice may appeal the state court
2   charge order that triggered the buy-out.  Thus, Rice does not demonstrate that
3   irreparable harm is likely.

4          More importantly, an injury is not considered irreparable where it is
5   compensable in money damages.  *See, e.g.*, *East Bay Sanctuary Covenant v. Trump*,
6   950 F.3d 1242, 1280 (9th Cir. 2020) ("[E]conomic harm is not generally considered
7   irreparable."); *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 519 (9th
8   Cir. 1984) ("[A] party is not entitled to a preliminary injunction unless he or she can
9   demonstrate more than simply damages of a pecuniary nature.").  Even if his interest
10  was purchased, Rice would be compensated for the value of his interest, as the LLC
11  provision calls for a buy-out not a forfeiture.  (*See* Opp'n to Mot. 4.)  He, his creditors,
12  and his estate will still benefit from the value of his interest, as multiple appraisers
13  will value his interest before the buy-out value is determined.  (Opp'n to Mot. 4.)
14  Simply put, Rice has not shown that his claimed harm is more than pecuniary in
15  nature.  *See Idaho v. Coeur d'Alene Tribe*, 794 F3d 1039, 1046 (9th Cir. 2015)
16  ("Purely economic harms are generally not irreparable, as money lost may be
17  recovered later, in the ordinary course of litigation.").

18         Even under the sliding scale approach for an injunction, a plaintiff must still
19  show a likelihood of irreparable injury.  *See All. for the Wild Rockies*, 632 F.3d at 1135
20  ("'[S]erious questions going to the merits' and a balance of hardships that tips sharply
21  towards the plaintiff can support issuance of a preliminary injunction, *so long as the*
22  *plaintiff also shows that there is a likelihood of irreparable injury* and that the
23  injunction is in the public interest.") (emphasis added); *see also Nken*, 556 U.S. at 434
24  (requiring showing of irreparable harm absent a stay).  As Rice fails to do so here, he
25  has not established that he is entitled to a TRO or a stay.  Thus, the Court **DENIES**
26  Rice's TRO and Motion.

27

28

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Rice has not satisfied the difficult task to establish that he is entitled to the extraordinary remedy of a temporary restraining order or a stay pending appeal.  Accordingly, the Court **DENIES** Rice's TRO and Motion to stay.  (ECF Nos. 7, 11.)

**IT IS SO ORDERED.**

April 29, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**